**BRIAN R. KATZ** (brian@katzbusinesslaw.com)
**California State Bar No. 88895**
Attorney at Law
4364 Town Center Boulevard, Suite 207
El Dorado Hills, CA 95762
Telephone: 916-933-5266
Facsimile: 916-933-7866
*Attorney for Plaintiff JOSH COLLETTE*

Malcolm D. Schick, Esq. - State Bar No. 118978
Jennifer L. Rusnak, Esq. - State Bar No. 247054 (jrusnak@gpschicklaw.com)
Annalisa S. Zulueta, Esq. – State Bar No. 265368 (azulueta@gpschicklaw.com)
**G&P|SCHICK**, A Professional Corporation
99 Almaden Boulevard, Suite 740
San Jose, California 95113
Tel: (408) 995-5050; Fax: (408) 995-5150
*Attorneys for Defendant VISION SECURITY, LLC*

Claire Dossier (CA State Bar No. 264253)
**MITCHELL BARLOW & MANSFIELD, P.C.**
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: cdossier@mbmlawyers.com
*Attorney for Defendant NORTHSTAR ALARM SERVICES, LLC*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| JOSH COLLETTE, an individual, | **CASE NO.: 2:15-CV-00426-MCE-EFB** |
| Plaintiff, | |
| -- vs. -- | **JOINT STIPULATED PROTECTIVE ORDER** |
| VISION SECURITY, LLC, NORTHSTAR ALARM SERVICES, LLC, and Does 1 -- 20, Inclusive, | Honorable Morrison C. England, Jr. |
| Defendants. | Magistrate Judge Edmund F. Brennan |

1    Defendant NORTHSTAR ALARM SERVICES, LLC (hereinafter referred to as
2 "NorthStar"), Defendant Vision Security, LLC ("Vision"), and Plaintiff Josh Collette, by and
3 through their counsel of record, and subject to the approval of the Court, hereby stipulate to
4 the following protective order to govern their handling of documents in this matter.

5    Plaintiff Josh Collette was formerly an independent sales representative of Vision
6 with respect to the sale of residential security systems and monitoring services. Defendant
7 NorthStar is also in the business of the sale of residential security systems and monitoring
8 services.

9    The parties acknowledge and agree that potentially discoverable documents and
10 certain deposition testimony in this case are likely to contain confidential and potentially
11 competitive information regarding parties and non-parties, including individuals to whom
12 Mr. Collette sold security systems and monitoring services. Without a protective order in
13 place, if such information is required to be produced in discovery, the parties run the risk of
14 disclosing confidential and competitive information, such as personal information of
15 customers, security system configurations of customers, purchase and sale information and
16 prices, and so forth, including information and privacy rights guaranteed under applicable
17 state and federal law. Accordingly, for the foregoing reasons, this protective order should be
18 addressed by order of the Court. *See* Local Rule 141.1.

19    Subject to and without waiving any statutory or Constitutional privileges or objections
20 to the admissibility or discoverability of any testimony, information or documents produced
21 in connection with this Order, the parties stipulate that access to and use of such testimony,
22 documents, and information shall be governed by the provisions of this Stipulated Protective
23 Order and that the terms set forth herein may be entered by the Court, pursuant to Federal
24 Rules of Civil Procedure 26(c). This Stipulated Protective Order shall also apply to all
25 copies, extracts, and summaries of designated documents.

**I.     Designation of Confidential Documents**

A.     "Confidential" materials shall be all documents that are handwritten, typewritten, printed, photostated, photographed, photocopied, transmitted by electronic mail or facsimile, and recorded by every means upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, and any records thereby created regardless of the manner in which the record has been stored, which contain confidential and private information pertaining to any current or former Vision or NorthStar customer (including but not limited to customer addresses and contact information, pricing, security system configurations, and dates of agreements), customer lists, information relating to any business transaction or asset purchase that may contain competitive information pertaining to the transaction, and/or any other information to which the parties may agree.  Any document designated as "Confidential" by a party producing that document shall, without more, subject that material to the provisions of this Stipulated Protective Order.

B.     Any document may be designated as "Confidential" upon a good faith determination by a party that the document falls within the purview of this stipulated order by stamping or affixing the word "CONFIDENTIAL" on the face of the document. Tangible things other than documents (e.g., audio tapes, products, computer disks, etc.) may be designated by stamping or affixing the designation to the item or its container as appropriate.

C.     A party producing a "Confidential" document may redact any private or competitive information that may be affected by dissemination of the "Confidential" document. Redactions shall be made by such method that the masking of any text is readily apparent to persons reviewing the "Confidential" document, and the document shall also be marked "Redacted."

D.     Any party may designate material as "Confidential" after production, only under the following conditions:

1. The party to whom such documents have been produced must be advised in writing of the new designation;

2. The party to whom such documents have been disclosed must be provided with another copy of the documents that bears the new and correct designation;

3. The party to whom such documents have been produced must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to receive such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Protective Order.

## II. Restrictions Regarding Confidential Documents

A. No "Confidential" documents produced by any party shall be used for any purpose other than the litigation, preparation for, and trial of this case.

B. There shall be no disclosure of documents designated as "Confidential" to anyone other than the following:

1. The parties to the case;

2. The parties' attorneys, and the attorneys' staff, including, but not limited to, outside copy service personnel or litigation support vendors;

3. Experts and consultants retained by attorneys for the parties in the preparation or presentation of the case; and

4. The court or other officer who presides over any proceeding in the case, and to court reporters as necessary.

C. If a party wishes to file a "Confidential" document with the court, the party must seek to do so under seal in compliance with Local Rule 141.

D. Disclosure

1. Other than the parties' attorneys, any person to whom Confidential documents or their information are to be disclosed shall be provided and

required to read a copy of this Stipulated Protective Order before disclosure of such information to that person. The person must agree to abide by the terms of this Stipulated Protective Order by executing a non-disclosure agreement in the form of Attachment A, that acknowledges that the person has reviewed the Stipulated Protective Order, that the person understands the Stipulated Protective Order, and that the person agrees to abide by the Stipulated Protective Order, and by providing the signed agreement to counsel who intends to make such disclosure. Counsel for each party shall maintain a list of the names of all persons to whom he, she, or they have disclosed Confidential documents or the information contained therein, and shall, upon three business days notice, produce to any other party copies of such agreements for inspection and copying.

2.     Whenever, during the course of a deposition, "Confidential" documents or information are utilized by the examining attorney, only those persons permitted access to such documents pursuant to this Stipulated Protective Order shall be present at the deposition. Counsel for the party noticing the deposition shall instruct the court reporter that he or she is to ensure that all exhibits containing "Confidential" exhibits are labeled prominently as "CONFIDENTIAL," and that originals or copies of such "Confidential" exhibits may be released to no one except counsel for the parties.

3.     Any party to this Stipulation may designate testimony given during a deposition as "Confidential" via the party's counsel making a statement on the record before or during the testimony that is "Confidential" and subject to this stipulation and order. The portions of a deposition which contain "Confidential" testimony shall be prepared by the court reporter in a separate transcript.  Portions of a deposition transcript may also be designated as "Confidential" following the deposition upon written notice to all parties.

**III.     General Provisions.**

A.     This Stipulated Protective Order may be modified or terminated by the court for good cause shown, or by signed stipulation by all parties.

B.     Any party for good cause may apply to the court to challenge a designation made by any other party, or to reveal information that the producing party has redacted, but only after a good faith attempt has been made to meet and confer to resolve the issue. Such a proceeding shall be governed by Local Rule 251. The parties shall comply with this Stipulated Protective Order unless the court orders otherwise.

C.     The party designating material as "Confidential" may waive any of the provisions of this Stipulated Protective Order in writing.

D.     Nothing herein shall be construed as a concession by any party that its presentation at trial of evidence relevant to its claims or defenses should be restricted in any manner.

E.     This Order shall be without prejudice to present a stipulation or motion to the court under Federal Rules of Civil Procedure 26(c) for a separate Protective Order as to any particular document or information, including restrictions different from those as specified herein. This shall not be deemed to prejudice the parties in any way in any future application for modification of this Stipulation and Order.

F.     Within thirty days after a final unopposed judgment or after settlement, upon request of any party, all original "Confidential" materials and all copies or portions thereof containing or reflecting information from "Confidential" documents shall be returned to counsel for the producing party or destroyed to the satisfaction of the requesting party.

G.     This Stipulated Protective Order shall survive and remain in force and effect after the termination of this case such that it may be enforced as a contract between the parties.

**IT IS SO ORDERED.**

**Dated:** June 22, 2016.

_____
United States Magistrate Judge

**Stipulated and Approved by:**

DATED:     June 20, 2016                **BRIAN R. KATZ, ESQ.**


By:     */s/ Brian R. Katz\**
   Brian R. Katz, Esq.
   *Attorney for Plaintiff*
   JOSH COLLETTE

DATED:     June 20, 2016                **G&P|SCHICK**


By:     */s/ Annalisa S. Zulueta\**
   Malcolm D. Schick, Esq.
   Jennifer L. Rusnak, Esq.
   Annalisa Zulueta, Esq.
   *Attorneys for Defendant*
   VISION SECURITY, LLC

DATED:     June 20, 2016                **MITCHELL BARLOW & MANSFIELD, P.C.**


By:   */s/ Claire Dossier*
   Claire Dossier
   *Attorney for Defendant*
   NORTHSTAR ALARM SERVICES, LLC

\* Electronic signatures added with permission

# ATTACHMENT A

# NONDISCLOSURE AGREEMENT

I, _____, hereby swear that I am fully familiar with the terms and conditions of the Stipulated Protective Order entered in Josh Collette v. Vision Security, LLC and NorthStar Alarm Services, LLC, Case No. 2:15-CV-00426-MCE-EFB in the United States District Court for the Eastern District of California, and hereby agree to comply with and be bound by the terms and conditions of the Order, unless and until modified by further order of the Court.  I hereby consent to the jurisdiction of the Court for purposed of enforcing this order.

DATED: _____